# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **GENEVA REBECCA HAHN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.  4:23-CV-00973-NCC |
| | ) | |
| **N&R of FARMINGTON, LLC,** | ) | |
| *doing business as* | ) | |
| **ST. FRANCOIS MANOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant N&R of Farmington's ("Farmington") Motion to Dismiss. (Doc. 8). Defendant filed a Memorandum in Support. (Doc. 9). By order of the Court, (Doc. 12), self-represented Plaintiff Geneva R. Hahn ("Hahn") filed a Response in Opposition. (Doc. 13). Defendant did not file a reply. The motions are fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 11). For the following reasons, Defendant's Motion to Dismiss, (Doc. 8), is **GRANTED**.

### I.  Background

Plaintiff filed this *pro se* employment discrimination suit against Defendant under Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e, *et seq*. In her Title VII complaint prepared on the Court's form, Plaintiff checked the boxes alleging retaliation, harassment, and discrimination based on gender. (*Id.* ¶10-11). Her statement of the claims alleges in the entirety:

> I was employed by the above-named Defendant N&R of Farmington, LLC dba St. Francois Manor on April 7, 2007. On October 15, 2019 [sic] I received a text message from an employee [sic] subjected to offensive and unwelcomed comments with other multiple employees and I notified my supervisor regarding the incident. Then was subjected to retailiation [sic],

exclusion, when N&R of Farmington, LLC dba St. Francois Manor denied me access to their facilities to care for patients my employer cares for.

*Id.* ¶12.

In the Request for Relief, Plaintiff states:

I would like to be awarded compensatory damages due to emotional harm suffered from emotional stability and loss of enjoyment of life, retroactive placement in a job, Front pay [sic], back pay, cancel an unwarranted personnel action and restore me to the status I occupied prior to the discrimination and awards of costs of recovery of my costs. [sic]

*Id.* ¶13. Defendant seeks to dismiss the complaint under Fed. R. Civ. P. Rule 12(b)(6) for failure to state a claim. Defendant argues that to the extent Plaintiff raised a claim for a hostile work environment or harassment based on gender under Title VII, Plaintiff failed to present sufficient facts to state a claim as a matter of law. Defendant also argues that Plaintiff failed to allege sufficient facts to show they "harassed [Plaintiff] because of her gender or that any harassment she suffered was so severe that it affected the terms, conditions or privileges of her employment." *Id.* (citing *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019)). Finally, Defendant contends that Plaintiff did not allege facts to support "that she suffered a materially adverse employment action that might have dissuaded a reasonable worker from making a sexual harassment complaint." *Id.* (citing *Sellars v. CRST Expedited, Inc.*, 13 F.4th 681, 692 (8th Cir. 2021)) (internal quotations and citations omitted).

## II.     Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). To survive a motion to dismiss, however, "a complaint must contain sufficient factual matter, accepted as true, to

2

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citation omitted). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).

### III. Discussion

#### A. Gender Discrimination

Despite construing Plaintiff's complaint more liberally than counseled pleadings, the Court finds that Plaintiff has failed to plead facts in her complaint sufficient to survive Defendant's motion to dismiss. *See Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). Plaintiff's gender discrimination claim is conclusory in that Hahn has failed to plead facts demonstrating how her gender is connected to the alleged offensive text message or any subsequent alleged action by Defendant. *See Hager v. Arkansas Dept. of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013) (conclusory allegations of gender discrimination are insufficient to survive a motion to dismiss). As such, Plaintiff's gender discrimination claim is dismissed.

#### B. Harassment

Defendant argues that Plaintiff failed to establish she was harassed based on her gender. The Court agrees. Though Hahn alleged that she and other employees received an unwanted, offensive text message from a fellow employee, constituting harassment, Hahn failed to

3

demonstrate a causal connection between the alleged harassment present in the text message and her gender being the motivating factor. *Riley v. FedEx Office & Print Services, Inc.*, 4:17CV2192 RLW, 2019 WL 430894, at *3 (E.D. Mo. Feb. 4, 2019) (citing *Gordon v. Shafer Contracting Co.*, 469 F.3d 1191, 1195 (8th Cir. 2006) (a plaintiff must show "a causal nexus exists between the harassment and the plaintiff's protected group status")). Hahn also failed to show that the harassment was so severe or pervasive such that it created an abusive working environment or altered the conditions of her employment. *See Phillips v. Taco Bell Corp.*, 156 F.3d 884, 888 (8th Cir. 1998). Additionally, Plaintiff's complaint is vague as to the contents of the text message, further preventing the Court from determining if the harassment is gender motivated. Hahn seeks to correct this deficiency by way of her Response with the additional evidence of her Title VII claim. (Doc. 13-2). However, the Court cannot consider facts presented in this manner. *Morgan Distributing Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss"). As such, Plaintiff's harassment claim is dismissed.

### C. Retaliation

Finally, Plaintiff alleges Defendant retaliated against her by denying her access to its facilities designated for patient care. (Doc. 1 ¶12). Defendant argues that Plaintiff's claim is difficult to understand, and she has failed to demonstrate that she suffered from a materially adverse employment action. (Doc. 9 at 4-5). The Court agrees.

To state a valid claim for retaliation under Title VII, Plaintiff must allege facts showing that she engaged in protected conduct, including opposition to an action prohibited by Title VII such as discrimination on the basis of sex; she was subjected to an adverse employment action, and there was a "causal nexus" between her protected conduct and the adverse employment action.

4

*Lewis v. Heartland Inns of America*, L.L.C., 591 F.3d 1033, 1042 (8th Cir. 2010). Assuming Plaintiff engaged in protected conduct by reporting the offensive text message, she failed to show a nexus between her reporting the conduct and experiencing an adverse employment action. In fact, it appears from the complaint that the alleged retaliatory conduct occurred after Plaintiff was no longer an employee with Defendant. "[R]etaliatory actions must be material, producing significant rather than trivial harm." *Gilbert v. Des Moines Area Cmty. Coll.*, 495 F.3d 906, 917 (8th Cir. 2007). Given the factual allegations in the complaint, the Court cannot identify any objectively adverse or significant harm resulting from Plaintiff not having access to patients her current employer has access to, especially when she no longer works for the Defendant. As such, Plaintiff's retaliation claim is dismissed.

## IV.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Case for Failure to State a Claim is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED, with prejudice**.

**IT IS FINALLY ORDERED** that the Rule 16 Conference scheduled for **Tuesday, February 13, 2024 at 1:00 PM is VACATED**.

A separate order of dismissal shall accompany this order.

Dated this 12th day of February, 2024.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE